UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA COHEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VALEANT PHARMACEUTICALS NORTH AMERICA, LLC, a Delaware limited liability company; SALIX PHARMACEUTICALS, INC., a Delaware corporation; ROB GAMBRELL, an individual; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 18cv1540-CAB-BGS<br><br>**ORDER SUA SPONTE REMANDING CASE TO STATE COURT** |

On June 4, 2018, Plaintiff Angela Cohen ("Plaintiff") filed a complaint in the Superior Court of California in and for the County of San Diego, titled *Angela Cohen v. Valeant Pharmaceuticals North America, LLC, et al.*, Case No. 31-2018-00027566-CU-WT-CTL, against Defendants Valeant Pharmaceuticals North America, LLC ("VPNA"), Salix Pharmaceuticals, Inc. ("SPI"), Robert Gambrell ("Gambrell"), and Does 1 through 50. Doc. No. 1-5 (the "Complaint"). The Complaint alleges claims against all of the Defendants for, *inter alia*, gender discrimination and harassment under California's Fair

1

Employment and Housing Act ("FEHA").[1]  On July 6, 2018, Defendants timely filed a notice of removal, arguing the Court has diversity jurisdiction because Plaintiff, on the one hand, and VPNA and Gambrell, on the other hand, are diverse, and that SPI is a "sham defendant" whose citizenship should be disregarded because "SPI never employed Plaintiff or any of the individuals alleged of improper conduct, nor can it be held liable under a joint-employer theory." [Doc. No. 1 at 4, ¶12.]

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001) (*quoting McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987)).  "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Revay v. Home Depot U.S.A., Inc*., No. 2:14-CV-03391-RSWL, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (internal quotation marks omitted).  "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc*., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007). "[A] defendant must essentially show that the plaintiff cannot assert a claim against the non-diverse party as a matter of law." *Amarant v. Home Depot U.S.A., Inc*., No. 1:13-CV-00245-LJO-SK, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (emphasis added) (citation omitted).

---

[1] All of the claims are for violations of California law.

Here, Defendants' evidence that Plaintiff was not technically employed by SPI does not satisfy its heavy burden. Plaintiff alleges that she was an employee of VPNA and SPI, and that her title was West Regional Sales Manager for Salix Pharmaceuticals Specialty Pain Division. [Complaint, ¶¶1, 14.] Thus Plaintiff is essentially asserting that VPNA and SPI were joint employers.

In determining whether a defendant is a joint employer for the purposes of FEHA, California courts consider the " 'totality of circumstances' that reflect upon the nature of the work relationship of the parties." *Kasperzyk v. Shetler Sec. Servs., Inc.*, No. C-13-3358 EMC, 2014 WL 1760040, at *6 (N.D. Cal. May 2, 2014) (*citing Vernon v. State*, 116 Cal. App. 4th 114, 124 (2004)). The key factor to consider in analyzing whether an entity is an employer is "the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 682 (9th Cir. 2009) (*citing Serv. Emps. Int'l Union v. Cty. of L.A.*, 225 Cal. App. 3d 761 (1990) (internal quotations and citation omitted)). "A finding of the right to control employment requires ... a comprehensive and immediate level of 'day-to-day' authority over employment decisions." *Id.* (*citing Vernon*, 116 Cal. App. 4th at 114). In addition, California utilizes the "integrated enterprise" test to determine whether separate corporate entities should be deemed a single employer. *Laird v. Capital Cities/ABC, Inc.*, 68 Cal.App.4th 727, 737 (1998).

Here, while Defendants have provided evidence that Plaintiff was technically employed by the parent company (VPNA) and not the subsidiary (SPI), they have not shown by clear and convincing evidence that Plaintiff would be unable to hold SPI liable as a joint employer as a matter of law, especially under the relevant "totality of circumstances" and "integrated enterprise" tests. *See Gebran v. Wells Fargo Bank, N.A.*, CV 16-07616 BRO (MRWx), 2016 WL 7471292, at *6 (C.D. Cal. Dec. 28, 2016)(defendants' argument that plaintiff sued the wrong corporate entity failed to trigger removability under fraudulent joinder doctrine). Moreover, even if the complaint currently fails to adequately allege that SPI is Plaintiff's joint employer, Defendants have

not met their burden of establishing that Plaintiff is incapable of amending her Complaint to state a valid claim against SPI on a joint-employer theory. *See Nasrawi v. Buck Consultants, LLC*, 776 F.Supp.2d 1166, 1170 (E.D. Cal. 2011)("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.")[2]

Therefore, the Court hereby **REMANDS** this action to the San Diego County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. §1447(c).[3] The Clerk of the Court shall **CLOSE** the case.

**IT IS SO ORDERED**.

Dated: July 13, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] The fact that SPI answered the complaint, instead of moving to dismiss, is further support that Plaintiff either states a claim, or could state a claim, against SPI.

[3] A district court may remand an action where the court finds that it lacks subject matter jurisdiction, either by motion or *sua sponte*. *Washington v. United Parcel Serv. Inc.*, 2009 WL 1519894 (C.D. Cal. 2009).